NO. 07-09-0096-CR

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL B

 

FEBRUARY 16, 2010

__________________________

 

DAVID JOHN MADRID,
APPELLANT

 

V. 

 

THE STATE OF TEXAS,
APPELLEE

__________________________

 

FROM THE 181ST
DISTRICT COURT POTTER COUNTY; 

 

NO. 50,764-B;
HONORABLE JOHN BOARD, JUDGE

__________________________

 

 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant, John David Madrid, appeals his
conviction for the offense of Possession with Intent to Deliver a Controlled
Substance, Methamphetamine, in an amount greater than four grams but less than
200 grams[1]
and sentence of 50 years incarceration in the
Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ).  Appellant contends the trial court erred in
failing to grant his motion to dismiss and by making an affirmative deadly
weapon finding. We affirm.

Background

The Amarillo
Police Department executed a search warrant of appellant's home on November 18,
2004. During the search, the police found controlled substances in the home.  On April 27, 2005, appellant was indicted;
additionally, the indictment gave notice of the State's intent to seek a deadly
weapon finding because of weapons found in the home.  On July 6, appellant was indicted in federal
court for the offense of felon in possession of a firearm.  On September 5, appellant pled guilty to the
federal offense and was sentenced to 42 months imprisonment.  On September 9, the surety filed a motion to surrender
appellant into the custody of Potter County due to appellant having pled in the
federal case and being detained in Randall County on a federal hold. Based on
the surety's motion, a warrant was issued for appellant's arrest which stayed
outstanding during appellant's 42 month imprisonment.

On September 3,
2008, appellant retained new counsel for the instant charges and that new
counsel proceeded to file a motion for substitution of counsel as well as a
motion for bond upon appellant's release from federal custody. Both motions
were granted. On October 16, appellant filed a motion to dismiss for lack of
speedy trial. On October 28, the trial court held a hearing on the motion to
dismiss and denied the motion to dismiss. 
On March 9, 2009, appellant pled guilty to the offense but pled not true
to using a deadly weapon during the commission of the offense.   After a hearing, the trial court found
appellant guilty of the offense, made an affirmative finding of a deadly weapon,
and sentenced appellant to 50 years incarceration in ID-TDCJ.   We affirm.       

 

Identical issues raised by defendant in
previous case.

            Appellant
has raised the identical issues of speedy trial and sufficiency of the evidence
to support a deadly weapon finding in a previous companion case.  See Madrid v. State, No.
07-09-0051-CR, 2009 Tex. App. LEXIS 8396 (Tex.App.—Amarillo
October 30, 2009, no pet.) (mem. op.,
not designated for publication).  With no
distinction in the facts or the issues, we will affirm the trial court’s
judgment without additional analysis.   See
Tex. R. App. P. 47.1.  

Conclusion

            We
affirm the trial court’s judgment.  See
Madrid, 2009 Tex. App. LEXIS 8396, at *1-*12.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

 

Do not publish.  

                                                            

 

 

 











[1] See Tex.
Health & Safety Code Ann. § 481.112(d) (Vernon Supp. 2009).